http://www.va.gov/vetapp16/Files4/1630427.txt

Citation Nr: 1630427 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 10-45 512 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio

THE ISSUE

Entitlement to service connection for a bilateral hearing loss disability.

REPRESENTATION

Veteran represented by: Disabled American Veterans

ATTORNEY FOR THE BOARD

Jessica O'Connell, Associate Counsel 

INTRODUCTION

The Veteran served on active duty from January 1963 to January 1966.

This case comes before the Board of Veterans' Appeals (Board) on appeal from a March 2007 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio.

In his Substantive Appeal, VA Form 9, the Veteran requested a hearing before the Board and that hearing was scheduled for May 2012. However, the Veteran withdrew his hearing request by a letter received by VA in April 2012. 

The record before the Board consists of the Veteran's electronic records located within the Veterans Benefits Management System (VBMS) and Virtual VA.

REMAND

The Veteran contends he developed bilateral hearing loss disability as a result of injuries incurred due to an in-service explosion, to include acoustic trauma as a result of that explosion. The evidence of record demonstrates the Veteran has a current hearing loss disability as defined by VA regulation. See 38 C.F.R. § 3.385 (2015). The Veteran's service treatment records reflect he sustained multiple injures as a result of an in-service gasoline explosion in September 1964 and that he spent approximately five months in the hospital. While the evidence of record contains a clinical cover sheet indicating the Veteran was hospitalized from September 1964 to February 1965, there is no evidence that the Veteran's complete hospital clinical records have been requested. Accordingly, further development to obtain hospitalization records from Martin Army Hospital at Fort Benning, Georgia dated from September 1964 to February 1965 is required.

In April 2014, the Board remanded the Veteran's claim to afford the Veteran a VA examination to determine the etiology of his bilateral hearing loss. The June 2014 VA audiologist found that the Veteran's bilateral hearing loss was less likely than not due to his active duty service because his hearing was normal at separation from service. The examiner failed to provide any other rationale for the opinion. In particular, the Board notes that the examiner did not address the October 2014 submission by the Veteran discussed below or whether the in-service explosion damaged auditory hair cells and if so whether the damaged hair cells resulted in a greater permanent hearing loss than otherwise would be manifest. 

In October 2014, the Veteran submitted an article from the National Institute on Deafness and Other Communication Disorders, a division of the National Institute of Health, on noise-induced hearing loss. The Veteran highlighted the portions of the article that state noise-induced hearing loss can be immediate or take a long time to be noticeable and that it can be caused by a one-time exposure to an intense "impulse" sound, such as an explosion. 

In light of these circumstances, the Board has determined that the Veteran should be afforded an examination by an otolaryngologist to determine the nature and etiology of his bilateral hearing loss disability.

While this case is in remand status, development to obtain any outstanding medical records pertinent to the claim should also be completed, to include all VA treatment records from November 2010 to the present.

Accordingly, the case is REMANDED to the RO or the Appeals Management Center (AMC) in Washington, D.C. for the following actions:

1. The RO or AMC should undertake appropriate development to obtain the Veteran's clinical inpatient hospitalization records from Martin Army Hospital at Fort Benning, Georgia dated from September 1964 to February 1965. Development to obtain the records should continue until the records are received or it is determined that the records do not exist or that further efforts to obtain the records would be futile.

2. The RO or AMC should undertake appropriate development to obtain any other outstanding medical records pertinent to the Veteran's claim, to include all VA treatment records from November 2010 to the present.

3. Then, the Veteran should be provided a VA examination by an otolaryngologist to determine the nature and etiology of his bilateral hearing loss disability. All pertinent evidence of record must be made available to and reviewed by the examiner. 

The examiner must presume that the audiometric results from the December 1965 separation examination were recorded using the ASA standards as opposed to the ISO-ANSI standards.

Following a review of the record, and in considering the Veteran's lay statements, the examiner should provide an opinion as to whether there is a 50 percent or better probability that the Veteran's bilateral hearing loss disability began in or is otherwise etiologically related to his active service, to include as due to acoustic trauma resulting from an in-service explosion. 

In providing this opinion, the examiner must consider and discuss the article the Veteran submitted in October 2014 on noise-induced hearing loss, published by the National Institute on Deafness and Other Communication Disorders, a division of the National Institute of Health. Specifically, the examiner must discuss the statement in the article that noise-induced hearing loss can be immediate or take a long time to be noticeable and that it can be caused by a one-time exposure to an intense "impulse" sound, such as an explosion. The examiner also must specifically address whether the in-service trauma damaged auditory hair cells and if so whether the damaged hair cells resulted in a greater permanent hearing loss than otherwise would be manifest.

For purposes of the opinion, the examiner should assume that the Veteran is a reliable and credible historian.

The rationale for the opinion expressed must be provided. 

If the examiner is unable to provide the required opinion, he or she should explain why. If the examiner cannot provide an opinion without resorting to mere speculation, he or she shall provide a complete explanation as to why this is so. If the inability to provide a more definitive opinion is the result of a need for additional information, the examiner should identify the additional information that is needed.

4. The RO or the AMC must notify the Veteran that it is his responsibility to report for the examination and to cooperate in the development of the claim and that the consequences for failure to report for a VA examination without good cause may include denial of the claim. 38 C.F.R. §§ 3.158, 3.655 (2015). In the event that the Veteran does not report for the scheduled examination, documentation showing that he was properly notified of the examination must be associated with the record.

5. The RO or the AMC should also undertake any other development it deems to be warranted.

6. Then, the RO or the AMC should readjudicate the Veteran's claim. If the benefit sought on appeal is not granted to the Veteran's satisfaction, the Veteran and his representative should be provided a Supplemental Statement Of the Case and be given an adequate opportunity to respond. Thereafter, the case should be returned to the Board for further appellate action.

By this remand, the Board intimates no opinion as to any final outcome warranted.

The Veteran need take no action until he is otherwise notified, but he may furnish additional evidence and/or argument during the appropriate time frame. See Kutscherousky v. West, 12 Vet. App. 369 (1999).

This REMAND must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
Shane A. Durkin 
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).